IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                          CRIMINAL NO. 2:19-00176

**BRIAN KEITH WINGROVE, JR.**

<u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to a Standing Order entered on October 31, 2023, the court has instituted a review of the sentence imposed in this matter. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based

on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The United States Probation Office reviewed Wingrove's file to see if he was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated December 8, 2023, determined that he was not.  See ECF No. 61 (SEALED).  According to the Probation Office, although Wingrove had received status points and the removal of those points would lower his guidelines range, the sentence imposed was less than the amended guidelines range.  With one exception (substantial assistance), pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) to a term that is less than the minimum of the amended guideline range.

Having reviewed the record in this case, the court agrees with the Probation Office that Wingrove is ineligible for a sentence reduction because his sentence of 108 months is still lower than the amended guidelines range of 121 to 151 months.

Wingrove's initial guidelines range was 140 to 175 months. He was sentenced to a term of imprisonment of 108 months pursuant to the parties' Rule 11(c)(1)(C) plea agreement. Under Amendment 821, Wingrove's guideline range would be 121 to 151 months which is above his 108-month sentence. For these reasons, he is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED** this 15th day of November, 2024.

ENTER:

David A. Faber
Senior United States District Judge